# Michael Faillace & Associates, P.C.
Employment and Litigation Attorneys

60 East 42nd Street, Suite 4510                                                                 Telephone: (212) 317-1200
New York, New York 10165                                                                      Facsimile: (212) 317-1620

March 27, 2019

**VIA ECF**
Hon. Paul G. Gardephe
United States District Judge
United States Courthouse
40 Foley Square
New York, New York 10007

        Re:    Tobo Tacuri v. RRCTG, Inc. et al.,
                18-cv-03713 (PGG)

Your Honor:

      This office represents Plaintiff Juan Jose Tobo Tacuri ("Plaintiff") in the above referenced matter. The parties have agreed to a negotiated settlement ("Agreement") after extensive settlement discussions before Your Honor. A copy of the Agreement is attached hereto as "Exhibit A." Plaintiff therefore asks the Court to approve the settlement, pursuant to *Cheeks v. Freeport Pancake House*, Inc., 796 F.3d 199 (2d Cir. 2015), and dismiss the case with prejudice.

1. **Background**

      Plaintiff filed this Complaint against Defendants alleging claims for unpaid minimum and overtime wages, liquidated damages, interest, attorneys' fees, and costs pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. (FLSA), the New York Minimum Wage Act, N.Y. Lab. Law § 650 *et seq.*, and the annual notice and wage statement requirements of the New York Labor Law (N.Y. Lab. Law. § 195).

      Specifically, Plaintiff is a former employees of the Defendants, who operated a restaurant under the name Guy & Gallard. The hours of work of Plaintiff varied over time, but they allege they consistently worked over forty hours per week. Plaintiff alleges they were paid at an hourly rate by Defendants that failed to appropriately compensate them for overtime and the minimum wage.

      Defendants denied the allegations

2. **Settlement Terms**

      Plaintiff claimed that they would be entitled to back wages of approximately $9,116.06 if they were found non-exempt, and all of their allegations as to hours and pay were accepted. Plaintiff estimated that if they had recovered in full for their claims, they would be entitled to approximately $47,033.85, which represents calculated actual damages, penalties, and interest, but excludes attorneys' fees and costs.

      The parties have agreed to settle this action for the total sum of $15,000.00. The settlement will be paid by six equal installments; Plaintiff is protected from default by confessions of

judgment. As per a stipulation annexed to the agreement, separate checks will be issued to Defendants and the Plaintiff.

A court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. Sita Information Networking Computing USA, Inc.*, No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June 12, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Kopera v. Home Depot U.S.A., Inc.*, No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.").

Throughout the litigation, there were contested factual disputes that went to the heart of Plaintiff's claims. Defendants contested the alleged shifts/hours worked by Plaintiff. Defendants also consistently argued that Plaintiff would be challenged to collect any amount in a judgment. As such, Plaintiff believes the settlement is reasonable, both due to the challenges of prevailing on the merits and because of the risk that they may not be able to collect a post-trial judgment. "Case law recognizes that potential difficulty in collecting damages militates in favor of finding a settlement reasonable." *Lliguichuzhca v Cinema 60, LLC*, 948 F Supp 2d 362, 364 (SDNY 2013).

### 3. Plaintiff's Attorneys' Fees are Fair and Reasonable

Under the settlement, and in accordance with their retainer agreement with the Plaintiff, Plaintiff's counsel will receive a total of $5,000.00 from the settlement fund as attorneys' fees and costs. This represents one third of the recovery in this litigation, as well as a reduction in fees from what is identified in Plaintiff's retainer agreement, which provide that forty percent of Plaintiff's recovery will be retained by the firm.

Plaintiff's counsel's fee is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit. *See Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit."). In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiff's requested award is reasonable. Additionally, everyone covered by this settlement has already agreed to the fee provided for in the settlement.

Given Plaintiff's counsel's significant experience representing Plaintiff in the New York City in wage and hour litigation, Plaintiff' counsel was able to obtain an excellent result with relatively low expense due to the parties' cooperative exchange of information and frequent and on-going negotiations. A brief biography of each attorney who performed billed work in this matter is as follows:

    i.    My work is billed at the rate of $450 per hour, which is my standard billing rate for matters paid on an hourly basis. It is indicated by the initials "MF." I am the Managing Member of Michael Faillace & Associates, P.C, and have been in practice since 1983. From 1983 to 2000, I was in-house Employment Counsel with International Business Machines Corporation (IBM). I taught employment discrimination as an Adjunct

Professor at Fordham University School of Law since 1992 and at Seton Hall University Law School from 1995 to 1998, and am a nationally-renowned speaker and writer on employment law. I am also the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI), and other employment law publications and presentations.

ii. Shawn Clark is a senior associate at Michael Faillace & Associates. Attorney Clark graduated from New York University School of Law in 2010, where he was a Dean's Scholar and an articles editor for the New York University Journal of Legislation and Public Policy. During law school Attorney Clark interned in the trial sections of the United States Attorney's Office for the Eastern District of New York and the New York County District Attorney's Office, and assisted United States District Judge John Gleeson with formulating a curriculum for newly appointed appellate judges at New York University's Opperman Institute for Judicial Administration.

Following law school, Attorney Clark was awarded a NYPD Law Graduate Fellowship, a program by the New York City Police Foundation and New York City Law Department which selects a single outstanding law school graduate per year. In 2010, Attorney Clark worked in the Legal Bureau of NYPD under the direct supervision of the NYPD's chief legal officer, where he advised police executives on a variety of criminal and employment law issues. In the remaining years of the fellowship Attorney Clark was assigned to the Special Federal Litigation Division of the New York City Law Department, where he was responsible for defending Section 1983 litigation brought against police, district attorney and correction defendants in the Southern and Eastern Districts of New York.

Attorney Clark is an active member of the New York City Bar Association and the New York Chapter of the National Employment Lawyers Association. He has been selected as a Super Lawyers Rising Star yearly since 2015.

Should Your Honor have any questions or concerns regarding this settlement, the parties are happy to address them. The parties thank the Court for its attention to this matter.

    Respectfully submitted,

    /s/Michael Faillace
    Michael Faillace
    MICHAEL FAILLACE & ASSOCIATES, P.C.
    Attorneys for the Plaintiff

Encls.

Cc: Defendants' counsel (Via ECF)