UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JUAN JOSE TOBO TACURI (A.K.A. MARCO GUAMAN) *individually and on behalf of others similarly situated*,<br><br>*Plaintiff,*<br><br>-against-<br><br>RRCTG, INC. (D/B/A GUY & GALLARD), SHAYAN HOLDING, CORP. (D/B/A GUY & GALLARD), TAREQ AHMED, AND, GUY TEREQ,<br><br>*Defendants* | Case No. 18-cv-3713<br><br>**SETTLEMENT AGREEMENT<br>AND<br>RELEASE** |

This Settlement Agreement and Release of Claims ("Agreement") is entered into by and among Plaintiff Juan Jose Tobo Tacuri (a.k.a. Marco Guaman) ("Plaintiff Tobo") on the one hand, RRCTG, Inc. (d/b/a Guy & Gallard) and Shayan Holding, Corp. (d/b/a Guy & Gallard), ("Defendant Corporation"), and Tareq Ahmed, ("Individual Defendant"), (collectively, "Defendants"), on the other hand.

WHEREAS, Plaintiff Tobo alleges that he worked for Defendants as an employee; and

WHEREAS, a dispute has arisen regarding Plaintiff Tobo's alleged employment and the terms thereof, which dispute has resulted in the filing of an action in the United States District Court for the Southern District of New York, Civil Action No: 18-cv-3713 (hereinafter "the Litigation"), alleging, among other things, a violation of federal and state wage and hour and overtime laws;

WHEREAS, Defendants deny any violation of federal and state wage and hour and overtime laws; and

WHEREAS, the parties desire to resolve all disputes between them without the necessity of further litigation;

NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed as follows:

1. **Payment**: Defendants shall pay or cause to be paid to Plaintiff Tobo, subject to the terms and conditions of this Agreement, and as full, complete, and final settlement and final satisfaction of any and all claims or potential claims Plaintiff Tobo may have against Defendants through the

Effective Date of this Agreement, including all counsel fees and costs incurred by Plaintiff Tobo, the gross sum of Fifteen Thousand Dollars and No Cents (**$15,000.00**) (the "Settlement Amount") to be paid to Plaintiff Tobo's attorneys in Six ("6") installments, as follows:

(a)     Installment One: A post-dated check in the amount of Two Thousand Five Hundred Dollars and No Cents ($2,500.00) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiff Tobo", for immediate deposit Thirty Days (30) after court approval of the settlement agreement, delivered to Plaintiff Tobo's counsel. Determination of the Plaintiff Tobo's share, counsel fees, and costs, is the responsibility solely of the Plaintiff Tobo and their counsel.

(b)     Installment Two: A post-dated check in the amount of Two Thousand Five Hundred Dollars and No Cents ($2,500.00) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiff Tobo", for immediate deposit Sixty Days (60) after court approval of the settlement agreement, delivered to Plaintiff Tobo's counsel. Determination of the Plaintiff Tobo's share, counsel fees, and costs, is the responsibility solely of the Plaintiff Tobo and their counsel.

(c)     Installment Three: A post-dated check in the amount of Two Thousand Five Hundred Dollars and No Cents ($2,500.00) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiff Tobo", for immediate deposit Ninety Days (90) after court approval of the settlement agreement, delivered to Plaintiff Tobo's counsel. Determination of the Plaintiff Tobo's share, counsel fees, and costs, is the responsibility solely of the Plaintiff Tobo and their counsel.

(d)     Installment Four: A post-dated check in the amount of Two Thousand Five Hundred Dollars and No Cents ($2,500.00) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiff Tobo", for immediate deposit One Hundred Twenty Days (120) after court approval of the settlement agreement, delivered to Plaintiff Tobo's counsel. Determination of the Plaintiff Tobo's share, counsel fees, and costs, is the responsibility solely of the Plaintiff Tobo and their counsel.

(e)     Installment Five: A post-dated check in the amount of Two Thousand Five Hundred Dollars and No Cents ($2,500.00) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiff Tobo", for immediate deposit One Hundred Fifty Days (150) after court approval of the settlement agreement, delivered to Plaintiff Tobo's counsel. Determination of the Plaintiff Tobo's share, counsel fees, and costs, is the responsibility solely of the Plaintiff Tobo and their counsel.

(f)     Installment Six: A post-dated check in the amount of Two Thousand Five Hundred Dollars and No Cents ($2,500.00) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiff Tobo", for immediate deposit One Hundred Eighty Days (180) after court approval of the settlement agreement, delivered to Plaintiff Tobo's counsel. Determination of the Plaintiff Tobo's share, counsel fees, and costs, is the responsibility solely of the Plaintiff Tobo and their counsel.

<u>Within 30 days</u> of this Agreement being approved by the Court, all of the post-dated checks/payments set forth above shall be delivered to the office of Michael Faillace & Associates, P.C. to the attention of Michael Faillace, Esq., 60 East 42nd Street, Suite 4510, New York, NY 10165. Failure to deliver said checks shall constitute a default under the Agreement.

(a).   Concurrently with the execution of this Agreement, Defendants RRCTG, Inc. (d/b/a Guy & Gallard), Shayan Holding, Corp. (d/b/a Guy & Gallard), and Tareq Ahmed, shall each execute and deliver to Plaintiff Tobo's counsel confessions of judgment ("Confessions of Judgment") in the form annexed hereto as Exhibits respectively. The Parties hereby acknowledge and agree that the Confessions of Judgments will be held in escrow by Plaintiff Tobo's hereby irrevocably and unconditionally releases counsel, and will not be entered and/or filed at any time other than (i) in the event that the Defendants fail to make any of the installment payments as set forth above, i.e., one of the postdated checks fails to clear Plaintiff Tobo's counsel's escrow account, or Defendants fail to deliver the payments to Plaintiff Tobo's counsel within five days of the Court approving the Agreement, <u>and</u> (ii) Defendants fail to cure such default within <u>ten (10) business days</u> of receipt of written notice (to be delivered to Defendants by first class mail via their counsel, Raymond Nardo, Esq., at 129 Third Street, Mineola, NY 11501; and e-mail, raymondnardo@gmail.com). Any such Notice of Default shall be deemed received five (5) days after it is mailed.

2.   <u>Release and Covenant Not To Sue</u>: Plaintiff Tobo hereby irrevocably and unconditionally releases from and forever discharges and covenants not to sue Defendants, and for each of them, their heirs, successors, assigns, affiliates, parent organizations, subsidiaries, directors, owners, shareholders, members, agents, attorneys, legal representatives and managers any and all charges, complaints, claims, causes of action, suits, debts, liens, contracts, rights, demands, controversies, losses, costs and or expenses, including legal fees and any other liabilities of any kind or nature whatsoever, known or unknown, suspected or unsuspected, whether fixed or contingent (hereinafter referred to as "claim" or "claims") which Plaintiff Tobo at any time has, had, claims or claimed to have against Defendants relating specifically to the claims in the Litigation that have occurred as of the Effective Date of this Agreement, including any and all wage and hour claims under the FLSA, New York Labor Law, Wage Theft Prevention Act, and any other statutory or common law claim relating to Plaintiff's wages and hours. Similarly, Defendants release and discharge Plaintiff Tobo from any and all known claims, and liabilities of any kind that they have, had or claimed to have against Plaintiff Tobo relating specifically to the claims in the Litigation that have occurred as of the Effective Date of this Agreement.

3.   <u>No Admission of Wrongdoing</u>: This Agreement and compliance with this Agreement shall not be construed as an admission by Defendants of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right or order.

4.   <u>Modification of the Agreement</u>: This Agreement may not be changed unless the changes are in writing and signed by a proper representative of Plaintiff Tobo and Defendants.

5.   <u>Acknowledgments</u>:   Plaintiff Tobo and Defendants acknowledge that they are not relying upon any statement, representation or promise in executing this Agreement except for

statements, representations or promises expressly set forth in this Agreement. They further acknowledge and agree that the only consideration for signing this Agreement is as set forth in this Agreement.

      6.    <u>Notices</u>: Notices required under this Agreement shall be in writing and shall be deemed given on the first business day following first-class mailing and electronic transmission thereof. Notice hereunder shall be delivered to:

To Plaintiff Tobo:

Michael Faillace, Esq.
**MICHAEL FAILLACE & ASSOCIATES, P.C.**
60 East 42nd St. Suite 4510
New York, NY 10165
Tel: (212) 317-1200
Fax: (212) 317-1620
Email: michael@faillacelaw.com

To Defendants:

Raymond Nardo
**RAYMOND NARDO, P.C.**
129 Third Street
Mineola, NY 11501
Tel: (516)248-2121
E-mail: raymondnardo@gmail.com

      7.    <u>Governing Law</u>: This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof. The parties consent and stipulate to the personal jurisdiction of the United States District Court for the Southern District of New York and the Supreme Court of the State of New York in any subsequent proceeding to enforce this Agreement.

      8.    <u>Enforceability:</u> If any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiff Tobo agrees to promptly execute a release, waiver and/or covenant that is legal and enforceable.

      9.    <u>Release Notification</u>: Defendants advised Plaintiff Tobo to discuss the terms of this Agreement and release of claims with his legal counsel and Plaintiff Tobo acknowledges that he has consulted with Michael Faillace, Esq. of Michael Faillace & Associates, P.C., Plaintiff Tobo

herein and that he made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with his attorneys. Plaintiff Tobo confirms that this Settlement Agreement and Release has been translated to him in Spanish and that he understands the terms of this Agreement and that he is signing this Agreement voluntarily.

10. <u>Counterparts</u>: To signify their agreement to the terms of this Agreement and Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart. This agreement may also be executed by facsimile and e-mail transmission.

<u>PLAINTIFF:</u>

By: _____       Date: 03/04/19
JUAN JOSE TOBO TACURI
(A.K.A. MARCO GUAMAN)


<u>DEFENDANTS:</u>

*Defendant Corporations*

By: _____       Date: _____
RRCTG, INC.

By: _____       Date: _____
SHAYAN HOLDING, CORP.


*Individual Defendants*

By: _____       Date: _____
TAREQ AHMED

By: _____       Date: _____
GUY TEREQ

acknowledges that it is his choice to waive any potential claims in return for the benefits set forth herein and that he made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with his attorneys. Plaintiff Tobo confirms that this Settlement Agreement and Release has been translated to him in Spanish and that he understands the terms of this Agreement and that he is signing this Agreement voluntarily.

      10.    <u>Counterparts</u>: To signify their agreement to the terms of this Agreement and Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart. This agreement may also be executed by facsimile and e-mail transmission.

PLAINTIFF:

By: _____  Date: _____
    JUAN JOSE TOBO TACURI
    (A.K.A. MARCO GUAMAN)

DEFENDANTS:

*Defendant Corporations*
By: _____  Date: 3/14/19
    RRCTG, INC.

By: _____  Date: 3/14/19
    SHAYAN HOLDING, CORP.

*Individual Defendants*
By: _____  Date: 3/14/19
    TAREQ AHMED

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
------------------------------ x
JUAN JOSE TOBO TACURI (A.K.A.
MARCO GUAMAN) *individually and on
behalf of others similarly situated,*

              *Plaintiff,*

       -against-

RRCTG, INC. (D/B/A GUY &
GALLARD), SHAYAN HOLDING,
CORP. (D/B/A GUY & GALLARD),
TAREQ AHMED, AND, GUY TEREQ,

             *Defendants.*

------------------------------ x

**Index No.: 18-cv-3713**

**AFFIDAVIT OF CONFESSION OF JUDGMENT**

STATE OF NEW YORK  )
                         : ss.:
COUNTY OF            )

1. I reside in _NEW YORK_ County.

2. I, TAREQ AHMED, am the President RRCTG, Inc. (d/b/a Guy & Gallard). I am duly authorized to make this affidavit of confession of judgment on behalf of RRCTG, Inc. (d/b/a Guy & Gallard).

3. RRCTG, Inc. (d/b/a Guy & Gallard), maintains its principal place of business in New York County at 120 East 34th street. New York, NY 10016.

4. Pursuant to the terms of the Settlement Agreement and Release by and between Juan Jose Tobo Tacuri (a.k.a. Marco Guaman) ("Plaintiff Tobo") and RRCTG, Inc. (d/b/a Guy & Gallard), Shayan Holding, Corp. (d/b/a Guy & Gallard), and Tareq Ahmed, (each a "Defendant" and collectively, "Defendants"), to which this Affidavit is annexed, I hereby confess judgment and authorize entry thereof against RRCTG, Inc. (d/b/a Guy & Gallard) in favor of Plaintiffs for the sum of the agreement plus liquidated damages, a total of Twenty Two Thousand Five Hundred Dollars and No Cents ($22,500.00), less any payments made under the Settlement Agreement.

5. This affidavit of confession of judgment is for a debt justly due to Plaintiff Tobo under the terms of the Settlement Agreement, to which this Affidavit is annexed, which provides that Defendants are to submit a total sum of Twenty Two Thousand Five Hundred Dollars and No Cents ($22,500.00) to Plaintiff Tobo. The amount of this affidavit of confession of judgment represents the settlement amount of Twenty Two Thousand Five Hundred Dollars and No Cents ($22,500.00)

6. This affidavit is made upon good and valuable consideration, the sufficiency of which I acknowledge on behalf of Defendants, including, without limitation, the terms and provisions of the Settlement Agreement.

7. I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure, this Confession of Judgment shall be docketed and entered in the Supreme Court of the State of New York as a judgment for Twenty Two Thousand Five Hundred Dollars and No Cents ($22,500.00) (less any amounts already paid to Plaintiffs pursuant to the above schedule), against RRCTG, Inc. (d/b/a Guy & Gallard).

RRCTG, Inc.

By: _____
Tareq Ahmed
Title: President

STATE OF NEW YORK )
: ss.:

On MARCH 14, 2019, before me personally came TAREQ AHMED, to me known, who, by me duly sworn, did depose and say that deponent resides at _____, that deponent is the <u>President</u> of RRCTG, Inc. the party described herein, and that deponent executed the foregoing Affidavit of Confession of Judgment on behalf of RRCTG, Inc. and was authorized to do so.

_____
Notary Public

James L. Green
Notary Public, State Of New York
No. 02GR4959305
Qualified in Nassau County
Commission Expires November 30, 2019

# EXHIBIT B

SUPREME COURT OF THE STATE OF NEW YORK
------------------------------------- x
JUAN JOSE TOBO TACURI (A.K.A. :
MARCO GUAMAN) *individually and on* :
*behalf of others similarly situated,* :
                : **Index No.:** 18-cv-3713
      *Plaintiff,* :
                :
    -against-         : **AFFIDAVIT OF CONFESSION OF**
                : **JUDGMENT**
RRCTG, INC. (D/B/A GUY & :
GALLARD), SHAYAN HOLDING, :
CORP. (D/B/A GUY & GALLARD), :
TAREQ AHMED, AND, GUY TEREQ, :
                :
      *Defendants.* :

------------------------------------- x

STATE OF NEW YORK )
         : ss.:
COUNTY OF      )

   3.  I reside in _NEW YORK_ County.

   4.  I, TAREQ AHMED, am the President Shayan Holding, Corp. (d/b/a Guy & Gallard). I am duly authorized to make this affidavit of confession of judgment on behalf of Shayan Holding, Corp. (d/b/a Guy & Gallard).

   3.  Shayan Holding, Corp. (d/b/a Guy & Gallard), maintains its principal place of business in New York County at 180 Madison Avenue, New York, NY 10016.

   4.  Pursuant to the terms of the Settlement Agreement and Release by and between Juan Jose Tobo Tacuri (a.k.a. Marco Guaman) (each a "Plaintiff" and collectively, "Plaintiffs") and RRCTG, Inc. (d/b/a Guy & Gallard), Shayan Holding, Corp. (d/b/a Guy & Gallard), and Tareq Ahmed (each a "Defendant" and collectively, "Defendants"), to which this Affidavit is annexed, I hereby confess judgment and authorize entry thereof against Shayan Holding, Corp. (d/b/a Guy & Gallard) in favor of Plaintiffs for the sum of the agreement plus liquidated damages, a total of Twenty Two Thousand Five Hundred Dollars and No Cents ($22,500.00), less any payments made under the Settlement Agreement.

   5.  This affidavit of confession of judgment is for a debt justly due to Plaintiff Tobo under the terms of the Settlement Agreement, to which this Affidavit is annexed, which provides that Defendants are to submit a total sum of Twenty Two Thousand Five Hundred Dollars and No Cents ($22,500.00)to Plaintiff Tobo. The amount of this affidavit of confession of judgment represents the settlement amount of Twenty Two Thousand Five Hundred Dollars and No Cents

($22,500.00).

6.  This affidavit is made upon good and valuable consideration, the sufficiency of which I acknowledge on behalf of Defendants, including, without limitation, the terms and provisions of the Settlement Agreement.

7.  I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure, this Confession of Judgment shall be docketed and entered in the Supreme Court of the State of New York as a judgment for Twenty Two Thousand Five Hundred Dollars and No Cents ($22,500.00) (less any amounts already paid to Plaintiffs pursuant to the above schedule), against Shayan Holding, Corp. (d/b/a Guy & Gallard).

Shayan Holding, Corp.

By: _____
Tareq Ahmed
Title: President

STATE OF _NEW YORK_ )
                     : ss.:

On _MARCH 14_, 2019, before me personally came _TAREQ AHMED_, to me known, who, by me duly sworn, did depose and say that deponent resides at _____, that deponent is the <u>President</u> of Shayan Holding, Corp. the party described herein, and that deponent executed the foregoing Affidavit of Confession of Judgment on behalf of Shayan Holding, Corp. and was authorized to do so.

_____
Notary Public

James L. Green
Notary Public, State Of New York
No. 02GR4959305
Qualified In Nassau County
Commission Expires November 30, 20_19_

# EXHIBIT C

SUPREME COURT OF THE STATE OF NEW YORK
------------------------------------------------------------ x
JUAN JOSE TOBO TACURI (A.K.A. :
MARCO GUAMAN) *individually and on* :
*behalf of others similarly situated,* :
                                                              :
                         *Plaintiff,*                         :    **Index No.: 18-cv-3713**
                                                              :
             -against-                                        :
                                                              :    **AFFIDAVIT OF CONFESSION OF**
RRCTG, INC. (D/B/A GUY &                                      :    **JUDGMENT**
GALLARD), SHAYAN HOLDING,                                     :
CORP. (D/B/A GUY & GALLARD),                                  :
TAREQ AHMED, AND, GUY TEREQ,                                  :
                                                              :
                         *Defendants.*                        :
                                                              :
------------------------------------------------------------ x

STATE OF NEW YORK    )
                     : ss.:
COUNTY OF            )

   1.   I reside in *NEW YORK* County.

   2.   Pursuant to the terms of the Settlement Agreement and Release by and between Juan Jose Tobo Tacuri (a.k.a. Marco Guaman) ( "Plaintiff Tobo") RRCTG, Inc. (d/b/a Guy & Gallard), Shayan Holding, Corp. (d/b/a Guy & Gallard), and Tareq Ahmed (each a "Defendant" and collectively, "Defendants"), to which this Affidavit is annexed, I hereby confess judgment and authorize entry thereof against me individually and in favor of Plaintiff Tobo for the sum of the agreement plus liquidated damages, a total of Twenty Two Thousand Five Hundred Dollars and No Cents ($22,500.00), less any payments made under the Settlement Agreement.

   3.   This affidavit of confession of judgment is for a debt justly due to Plaintiff Tobo under the terms of the Settlement Agreement, to which this Affidavit is annexed, which provides that Defendants are to submit a total sum of Twenty Two Thousand Five Hundred Dollars and No Cents ($22,500.00) to Plaintiff Tobo. The amount of this affidavit of confession of judgment represents the settlement amount of Twenty Two Thousand Five Hundred Dollars and No Cents ($22,500.00).

   4.   This affidavit is made upon good and valuable consideration, the sufficiency of which I acknowledge on behalf of Defendants, including, without limitation, the terms and provisions of the Settlement Agreement.

   5.   I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure, this Confession of Judgment shall be docketed and

entered in the Supreme Court of the State of New York as a judgment for Twenty Two Thousand Five Hundred Dollars and No Cents ($22,500.00) (less any amounts already paid to Plaintiffs pursuant to the above schedule), against me, Tareq Ahmed.

_____
Tareq Ahmed

Sworn to before me this
14th day of MARCH 2019

_____
Notary Public

James L. Green
Notary Public, State Of New York
No. 02GR4959305
Qualified In Nassau County
Commission Expires November 30, 2019

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JUAN JOSE TOBO TACURI (A.K.A. MARCO GUAMAN), *individually and on behalf of others similarly situated*,<br><br>*Plaintiff*,<br><br>-against-<br><br>RRCTG, INC. (D/B/A GUY & GALLARD), SHAYAN HOLDING, CORP. (D/B/A GUY & GALLARD), TAREQ AHMED, and GUY TEREQ,<br><br>*Defendants*. | 18-cv-3713<br><br>**STIPULATION AMENDING SETTLEMENT AGREEMENT AND RELEASE** |

IT IS HEREBY STIPULATED and agreed, by and between the undersigned attorneys for the parties, pursuant to Paragraph 4 of the agreed-upon Settlement and General Release ("Agreement") in this matter, that the Agreement is modified as follows:

- Paragraph 1 of the agreement shall be amended as follows:

"1. <u>Payment</u>: Defendants shall pay or cause to be paid to Plaintiff Tobo, subject to the terms and conditions of this Agreement, and as full, complete, and final settlement and final satisfaction of any and all claims or potential claims Plaintiff Tobo may have against Defendants through the Effective Date of this Agreement, including all counsel fees and costs incurred by Plaintiff Tobo, the gross sum of Fifteen Thousand Dollars and No Cents ($15,000.00) (the "Settlement Amount") to be paid to Plaintiff Tobo in Six ("6") installments, as follows:

(a) Installment One: A post-dated check in the amount of One Thousand Six Hundred and Sixty Six Dollars and Sixty Seven Cents ($1,666.67) made payable by 1099 to Plaintiff Tobo Tacuri, and a post-dated check in the amount of Eight Hundred Thirty Three Dollars and Thirty Three Cents to Michael A. Faillace, Esq., as Attorney for Plaintiff Tobo, for immediate deposit Thirty Days (30) after court approval of the settlement agreement, delivered to Plaintiff Tobo's counsel.

(b) Installment Two: A post-dated check in the amount of One Thousand Six Hundred and Sixty Six Dollars and Sixty Seven Cents ($1,666.67) made payable by 1099 to Plaintiff Tobo Tacuri, and a post-dated check in the amount of Eight Hundred Thirty Three Dollars and Thirty Three Cents to Michael A. Faillace, Esq., as Attorney for Plaintiff Tobo, for immediate deposit Sixty Days (60)

1231196.1

after court approval of the settlement agreement, delivered to Plaintiff Tobo's counsel.

(c)     Installment Three: A post-dated check in the amount of One Thousand Six Hundred and Sixty Six Dollars and Sixty Seven Cents ($1,666.67) made payable by 1099 to Plaintiff Tobo Tacuri, and a post-dated check in the amount of Eight Hundred Thirty Three Dollars and Thirty Three Cents to Michael A. Faillace, Esq., as Attorney for Plaintiff Tobo, for immediate deposit Ninety Days (90) after court approval of the settlement agreement, delivered to Plaintiff Tobo's counsel.

(d)     Installment Four: A post-dated check in the amount of One Thousand Six Hundred and Sixty Six Dollars and Sixty Seven Cents ($1,666.67) made payable by 1099 to Plaintiff Tobo Tacuri, and a post-dated check in the amount of Eight Hundred Thirty Three Dollars and Thirty Three Cents to Michael A. Faillace, Esq., as Attorney for Plaintiff Tobo, for immediate deposit One Hundred Twenty Days (120) after court approval of the settlement agreement, delivered to Plaintiff Tobo's counsel.

(e)     Installment Five: A post-dated check in the amount of One Thousand Six Hundred and Sixty Six Dollars and Sixty Seven Cents ($1,666.67) made payable by 1099 to Plaintiff Tobo Tacuri, and a post-dated check in the amount of Eight Hundred Thirty Three Dollars and Thirty Three Cents to Michael A. Faillace, Esq., as Attorney for Plaintiff Tobo, for immediate deposit One Hundred Fifty Days (150) after court approval of the settlement agreement, delivered to Plaintiff Tobo's counsel.

(f)     Installment Six: A post-dated check in the amount of One Thousand Six Hundred and Sixty Six Dollars and Sixty Seven Cents ($1,666.67) made payable by 1099 to Plaintiff Tobo Tacuri, and a post-dated check in the amount of Eight Hundred Thirty Three Dollars and Thirty Three Cents to Michael A. Faillace, Esq., as Attorney for Plaintiff Tobo, for immediate deposit One Hundred Eighty Days (180) after court approval of the settlement agreement, delivered to Plaintiff Tobo's counsel.

Within 30 days of this Agreement being approved by the Court, all of the post-dated checks/payments set forth above shall be delivered to the office of Michael Faillace & Associates, P.C. to the attention of Michael Faillace, Esq., 60 East 42nd Street, Suite 4510, New York, NY 10165. Failure to deliver said checks shall constitute a default under the Agreement."

Date:   New York, New York
        March 26, 2019

_____
Raymond Nardo
RAYMOND NARDO, P.C.
129 Third Street
Mineola, NY 11501
Tel: (516)248-2121
*Attorney for Defendants*

_____
Michael Faillace, Esq.   Shawn Clark
MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd. St. Suite 4510
New York, NY 10165
Tel.: 212.317.1200
*Attorneys for Plaintiffs*